UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL COTTON,

        Plaintiff,        Case No. 1:16-cv-1176

v.        Hon. Robert J. Jonker

UNITED STATES SUPREME COURT,
*et al.*,

        Defendants.

                       /

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff. For the reasons discussed below, this complaint should be dismissed for lack of subject matter jurisdiction.

**I.**    **Plaintiff's complaint**

Plaintiff identifies himself as "Karl Cotton a/k/a KARL CORNELIUS-COTTON" and "As a sovereign American national and 'state' Citizen, of we the People c/o 952 Monroe Street Benton Harbor, Michigan [49022] republic usA NON-DOMESTIC." Compl. (docket no. 1, PageID.2, 29). Plaintiff's 73-page complaint consists of several parts. First, a seven-page "Complaint: Medicaid/Fraud upon the Court" against the Supreme Court of the United States, the United States Attorney, the Office of the Attorney General, the Secretary of the Department of Treasure, the United States Department of Health and Human Services, the "Region IV / Area Agency on Aging" located in St. Joseph, Michigan, the "Berrien County DHS"; the Michigan Department of Community Health and its Director James K. Haveman, the Michigan Department of Treasury and former Michigan State Treasurer R. Kevin Clinton. Compl. (docket no. 1, PageID.1-

2).  This document asks the Court to "set aside Medicaid overpayment and grant equitable relief after hearing."  *Id*. at PageID.2.  After listing portions of various regulations, plaintiff includes an additional caption of "CIVIL RIGHTS and ABUSE OF PROCESS COMPLAINT" invoking his First Amendment right to petition the Court, claiming that "[p]erjury by all standards is considered a serious offense as it was used by AS K.Metz - Berrien County- DHS, to usurp the power of the courts / tribunal," resulting in a fraud upon the Court.  *Id*. at PageID.6-7.  However, the complaint does not include any allegations against the named defendants.

Next, an 18-page document entitled "REASON FOR COMPLAINT," which contains narratives and recitations of actions allegedly taken by the Berrien County DHS, involving fraud and federal criminal violations.  *Id*. at PageID.8-25.  The document then diverges into a rambling recitation of contract law under the Michigan Uniform Commercial Code, M.C.L. § 440.3108(2) ( regarding a "promise" or "order" which is "payable at a definite time").  *Id*. at PageID.8-9.  Plaintiff refers to a "fraudulent contract," a "conspiracy against rights" involving the Berrien County DHS and Region IV / Area Agency on Aging, recites what appears to be a portion of a state court decision involving an administrative appeal by a "Mr. Badder."  *Id*. at PageID.9-11.

Next, a "STATEMENT REGARGING [sic] TRANSCRIPT" which purports to be a FOIA request for public records and transcripts related to "Docket # 2014-31215 HHS."  *Id*. at PageID.26.

Next, a document entitled "- NOTICE AND DEMAND - <u>DECLARATION OF CITIZENSHIP</u>, <u>Fraud On The Court</u>, <u>Independent Action in Equity</u>, <u>Extrinsic Fraud</u>."  PageID.27-28.  The "jurisdictional statement" refers to a Michigan Court rule for relief from judgment.  *Id*. at PageID.27.

Next, another "NOTICE AND DEMAND" in which plaintiff identifies himself as a sovereign citizen and sets forth several pages of meaningless legalese. *Id*. at PageID.29-32. Plaintiff states that given his status as a sovereign citizen, "the lower court judgment is **NULL and VOID**, *ab initio*." PageID.31. Plaintiff also announces that he is releasing himself from prior court orders, i.e., "Consider this also a NOTICE of a RELEASE OF APPOINTMENT from the obligations and restrictions placed upon my person through the lower court Administration via the instrument known as the ORDER GRANTING MOTION FOR SUMMARY DISPOSITION." *Id*. Among other things, plaintiff is "REQUIRING" this Court to take notice that within thirty days, "he is no longer an instrumentality of the federal United States government corporation" and that "all implied signatures, any reference to any file with my previous Signature be rendered NULL and VOID for any purpose whatsoever, and written response made directly to me reporting the TERMINATION of any contractual relations between us." *Id*. at PageID.31 (emphasis in original).

Next, a 15-page supporting brief which appears to consist of chronologies and re-typed portions of government records and correspondence, and more legalese. *Id*. at PageID.33-47.

Next, a 23-page "Memorandum of points and authorities" related to "the moving party's Medicaid Overpayment Bill - 20140350," which contains additional meaningless legalese (e.g., "Karl Cotton a/k/a KARL CORNELIUS-COTTEN 'PRODUCER' of 'CONTRACT' can show superior title as he is able to show that Region IV / AREA AGENCY on AGING / BERRIEN COUNTY-DHS is inoperative."). *Id*. at PageID.48-70.

Next, a paper entitled "GRANT ORDER, EQUITABLE RELEIVE [sic]" for the State of Michigan to pay to the order of "Karl Cotton a/k/a KARL CORNELIUS-COTTON. 3632A" the amount of "$896,000.000.00 MILLION." *Id*. at PageID.71-72.

Finally, on the last page of his complaint, plaintiff states that "Michigan Department of Community Mental Health and Michigan Department of Treasury do not intend to file an Answer." *Id*. at Page.ID.73.

In addition, plaintiff attached 15 pages of exhibits, some of which relate to an appeal of a lawsuit which he filed against the Michigan Department of Community Health and Michigan Department of Treasury. Exhibit (docket no. 1-1). A notice of appeal states the claim as "The State of Michigan will no longer pay Medicare Part B (medical insurance) premiums to the Social Security Administration." *Id*. at PageID.76.

## II.     Discussion

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Applying these rules of construction, the Court concludes that plaintiff's complaint fails to establish subject matter jurisdiction in this Court.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). To survive a motion to dismiss, a plaintiff must state a claim for relief that is plausible on its face, meaning that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  Here, plaintiff has failed to allege a claim that is plausible on its face.  Rather, plaintiff's complaint is a largely unintelligible collection of copied regulations and documents, legal citations, irrelevant legalese, notices, demands, and sovereign citizen gibberish.  Irrespective of the other defects in the complaint, a lawsuit which incorporates a sovereign citizen theory is patently insubstantial and frivolous.  The "sovereign citizen" theory "has no conceivable validity in American law."  *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).  Theories presented by sovereign citizen adherents "have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."  *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609 at *2 (N.D. N.Y. July 23, 2014).  The allegations set forth in plaintiff's complaint fail to establish subject matter jurisdiction in this Court because they are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion.  Accordingly, this action should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be dismissed.


Dated:  April 7, 2017                           /s/ Ray Kent
                                                RAY KENT
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).